IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ADELL PORTIS,                } | |
|     Plaintiff,        } | |
|                        } | CIVIL ACTION NO. |
| v.                            } | 03-AR-2386-S |
|                        } | |
| DELUXE CLEANERS,              } | |
|     Defendant.        } | |

FILED 04 SEP 30 PM 2:09
U.S. ...
N.D. ...

ENTERED
SEP 30 2004

### MEMORANDUM OPINION

Before the court is the motion of defendant, Deluxe Cleaners, to dismiss plaintiff Adell Portis' ("Portis") suit under the authority of Rule 37 F.R.Civ.P. For the reasons that follow, and because no lesser sanction would suffice, the court will grant Deluxe Cleaners' motion and will dismiss the action with prejudice.

*Statement of Facts*[1]

Portis filed her complaint in August 2003, alleging race discrimination against her former employer, Deluxe Cleaners, in violation of the Civil Rights Act of 1866 and Title VII of the Civil Rights Act of 1964. Pl. Compl. ¶ 1. Since that time, plaintiff's counsel, Tamula Yelling ("Yelling"), has had "very limited contact" with Portis. Resp. to Motion to Dismiss ¶ 1. The court entered a scheduling order on October 7, 2003, specifying that the discovery period would end on May 28, 2004. Because of

---

[1] For purposes of the current motion, it is unnecessary to delve into the historical facts giving rise to the lawsuit. Accordingly, the following statement concerns only the procedural facts that serve as a basis for the conclusion that dismissal is appropriate.



Portis' unexplained unavailability, Yelling was unable to proceed with any meaningful efforts at discovery between October 2003 and May 2004.

Deluxe Cleaners answered interrogatories and produced requested. Portis, on the other hand, provided no answers to interrogatories, did not comply with efforts to schedule her deposition, and did not respond to requests for production. As the discovery deadline drew near, due to difficulties communicating with her client, Yelling filed a motion on April 27, 2004, for leave to withdraw from the case and to stay the case for Portis to seek alternative counsel. Attached to the motion were copies of multiple letters that Yelling sent to Portis, urging Portis to contact her in order to comply with discovery requests. Portis never responded to any of her lawyer's phone calls or letters.

On the eve of the May 14, 2004, hearing set for Yelling's motion, Portis apparently contacted her lawyer and convinced her to continue with the case. Yelling appeared at the hearing and withdrew her motion for leave to withdraw. Pl. Resp. to Motion to Dismiss ¶ 4-6. That same day, the court ordered Portis, **"under penalty of dismissal** to cooperate with defendant in expedited discovery" in order to meet the original May 28 discovery deadline.

Deluxe Cleaners subsequently moved for, and was granted, a ninety (90) day extension for discovery, making the new deadline August 26, 2004. Portis did not seize this opportunity to breathe new life into her case. As her counsel admits in response to the

present motion to dismiss, Portis did not respond to the discovery requests forwarded to her. More unanswered letters and phone calls from Yelling to Portis ensued.

Finally, in an effort to procure Portis' compliance with discovery requests, Portis and her lawyer scheduled a meeting for August 5, 2004. Portis failed to appear for this appointment. Pl. Resp. ¶ 9. Further, Deluxe Cleaners noticed Portis' deposition for August 24, 2004, and her lawyer had to call defense counsel to say that Portis had not contacted her and would not appear to be deposed. On August 26, 2004, the day the extended discovery deadline expired, Deluxe Cleaners filed the instant motion to dismiss. Portis' counsel responded to the motion on September 1, but did not contradict any of Deluxe Cleaners' account of the procedural facts in this case. To the contrary, Portis' counsel provided further documentation of the utter lack of interest Portis has shown in pursuing her lawsuit.[2]

*Analysis*

A party who fails to comply with valid discovery requests may be subject to sanctions, including "an order...dismissing the action or proceeding." F.R.Civ.P. 37(b)(2)(C). Not only is dismissal specifically contemplated by the Rules of Procedure for failure to comply with discovery obligations, but the court has

---

[2] Yelling did request that the court grant plaintiff a fourteen day extension to respond to the motion to dismiss, stating that she did not know to "adequately respond" due to the fact she had had no opportunity to consult with her client. For the reasons that follow, however, Portis' failure to cooperate is inexcusable and this request will be denied.

expressly threatened dismissal in its May 14, 2004, order. Portis offers no valid excuse for her failure to comply with discovery requests in this case. Accordingly, defendant's motion to dismiss is due to be GRANTED, and this court will DISMISS the action with prejudice by separate order entered contemporaneously herewith.

DONE this 30th day of September, 2004.

　　　　　　　　　　　　　　　　／s／ William M. Acker
　　　　　　　　　　　　　　　　WILLIAM M. ACKER, JR.
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE